FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

00 MAY -4 PM 2:11

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MILES ROWE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION CV 00-J-76-NE |
| THE CITY OF MADISON, et al., | ) | |
| Defendant. | ) | |

ENTERED
MAY - 4 2000

**MEMORANDUM OPINION**

Currently before the Court are Defendants City of Madison and Cecil Moses' motions to dismiss (docs. 12 and 13). For the reasons set out below, the City of Madison's motion to dismiss is DENIED on Count IV. Police Chief Cecil Moses' motion to dismiss is GRANTED on Counts III and V.

**Procedural History**

This action was commenced on January 10, 2000 and originally assigned to Judge Sam C. Pointer, Jr.(*see* Doc. 1). As originally filed, the complaint raised two claims against the City of Madison (Counts I and II[1]) and Cecil Moses individually (Count III) (doc. 1). Defendants moved to dismiss the complaint and Plaintiff moved to amend the

---

[1] Plaintiff erroneously named Count II of the original complaint Count III. There is no Count II in the original complaint. The Court has therefore assumed that Plaintiff meant it to be Count II.

complaint (docs. 5, 6 and 8). After oral and written briefing on the issue, Judge Pointer denied Defendant City of Madison's motion to dismiss Count II, as the amended complaint corrected the discrepancies contained in said count and now stated a claim under the ADA (doc. 11). As to Defendant Cecil Moses' motion to dismiss, Judge Pointer granted said motion, dismissing Count III of the complaint against Moses (Retaliation under 42 U.S.C. § 1983) (doc. 11). Finally, Judge Pointer granted Plaintiff's motion to amend the complaint to add due process claims against both defendants (doc. 11). In so doing, Judge Pointer declined to address whether Plaintiff's allegations constituted actionable "property interests" and directed Defendants to respond to the amended complaint with renewed motions to dismiss (doc.11). This case was subsequently transferred to this Court (doc. 17). Defendants have now renewed their motions to dismiss to include Counts IV and V of the Complaint, those counts addressing alleged due process violations (docs. 12 and 13).[2]

**Legal Standard**

In ruling on a motion to dismiss, the allegations of the complaint must be accepted

---

[2] Both parties address Count III of the Complaint. Having reviewed both the complaint and amended complaint as well as the Order of Judge Pointer dated March 6, 2000 (doc. 11), this Court is of the opinion Count III was previously dismissed by operation of said order. Even if said Count had not been dismissed, this Court finds *Holbrook v. City of Alpharetta, Georgia*, 112 F.3d 1522, 1531 (11th Cir. 1997), applicable in this instance and does hereby GRANT Defendant Cecil Moses' Motion to Dismiss Count III of the Complaint.

as true, *Gomez v. Toledo,* 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921 n. 3, 64 L.Ed.2d 572 (1980), and must be construed favorably in plaintiff's behalf. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) *see also Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991). Accordingly, the complaint cannot be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him to relief. *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998)(*citing Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)). However, the issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* (*citing Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

City of Madison's Motion to Dismiss:

Count IV of Plaintiff's amended complaint alleges the City of Madison violated Plaintiff's due process rights by reassigning him to a supervisory position but not paying him the pay rate of a supervisor. Complaint at ¶¶ 77-79. Defendant City of Madison has moved to dismiss said count alleging Plaintiff has an adequate remedy under state law and is therefore precluded from bringing this claim under 42 U.S.C. § 1983. Defendant's Brief in Support of Motion to Dismiss ("Defendant's Brief") at 8.

Plaintiff's due process claim against the City of Madison alleges that Plaintiff was

3

put in a supervisory position but was not given the accompanying raise in pay for such position. Complaint at ¶¶ 76, 79. This being a motion to dismiss and Defendant having failed to argue the position of desk sergeant is not a supervisory position, the Court assumes such a position is a supervisory position. Nonetheless, in order for Plaintiff to have a property interest in such a pay raise, Plaintiff must point to a statute, rule, or understanding upon which he bases a legitimate claim of entitlement to a pay raise. *Estes v. Tuscaloosa County, Alabama,* 696 F.2d 898, 901 (11th Cir. 1983)(*citing Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548) (1972). Without such an entitlement, there is no constitutionally protected property interest to serve as the basis of a due process claim. *Id.* Plaintiff alleges Defendant City of Madison has a policy that if an employee holds a temporary supervisor's position for more than ten days, the employee is entitled to the pay rate of a supervisor. Amended Complaint at ¶ 77. The City of Madison does not argue to the contrary. The Court, finding Plaintiff's allegation that there exists a policy entitling him to a pay raise sufficient to make a legitimate claim of entitlement, holds Plaintiff has a property interest in such a raise.

Having determined that Plaintiff has a property interest in the pay rate of a supervisor, the Court turns now to the determination of whether the deprivation of this right constitutes a violation of due process. Defendant maintains that it is not within the province of this Court to determine if Plaintiff's rights have been violated as the procedures afforded to him under the laws of the State of Alabama provide an adequate

4

remedy for redress of any violations of such rights. Defendant's Brief at 8. In support of its argument, Defendant cites to *McKinney v. Pate* for the proposition that, where a prospective § 1983 plaintiff has an adequate remedy under state law that is available to redress the alleged injury, the Plaintiff has no claim under § 1983. *See Mc Kinney v. Pate,* 20 F.3d 1550, 1562-63 (11th Cir. 1994). The question before the Court therefore is whether, in this instance, Plaintiff's remedy under state law sufficiently comports with the minimum standards of due process under the Fourteenth Amendment to be considered adequate under the *McKinney* holding.

Defendant argues that, like the Plaintiff in *McKinney,* Plaintiff in the case at bar has available to him the common law writ of certiorari to challenge adverse employment determinations. *See* Defendant's Brief at FN 3, *citing Mc Kinney,* 20 F.3d at 1563. While it is true the Eleventh Circuit held the availability of certiorari through which an individual can appeal an adverse decision constitutes an adequate state law remedy, *see Evans v. City of Huntsville,* 580 So.2d 1323, 1325 (Ala. 1995); *see also Holloway v. Personnel Board of Jefferson County,* 528 So.2d 341, 342-343 (Ala. Civ. App. 1988), the facts of the case at bar renders this situation distinguishable. In *McKinney* and all other cases cited by Defendant in support of it's argument, the Plaintiff in the case was appealing the decision of the public employer's decision making authority. *See Id.* For instance, in *Evans v. City of Huntsville,* the plaintiff petitioned for and was granted certiorari by the circuit court to appeal the decision by the city council upholding the

5

findings of fact that led to the plaintiff's termination. *See Evans,* 580 So.2d at 1325.

Contrary to Defendant's assertion, this Court finds Plaintiff's claim is not an "as applied" attack on the procedure made available to him, Defendant's Brief at 9; rather, Plaintiff is challenging the nature or availability of the procedure. Defendant has failed to allege Plaintiff had a remedy, other than petition of certiorari, available to him. The facts of the case at bar are such that, unlike the plaintiffs in the other cases, Plaintiff has no decision to appeal; he simply has not been given a raise allegedly due to him and, based on a plain reading of the complaint, has no other authority to go to in order to redress this injury. What is clear, however, is that Alabama provides no statutory authority to seek redress at the state court level. *See Evans,* 580 So.2d at 1325. Accordingly, any grievances must be brought to the courts by way of certiorari. As mentioned previously, the case law clearly indicates certiorari is granted based on decisions by a board or other entity with decision making authority. There is no indication certiorari is available to an individual to whom absolutely no procedure has been applied.

Without more, the Court can not say Plaintiff has available to him an adequate state law remedy. Accordingly, Defendant's Motion to Dismiss Count IV of the Complaint is DENIED.


Cecil Moses' Motion to Dismiss:

In Count V of the Complaint, Plaintiff alleges Cecil Moses deprived Plaintiff of a

property interest by transferring him to the position of desk sergeant, a transfer that Plaintiff alleges resulted in the loss of prestige and responsibility Plaintiff enjoyed as a patrolman. Complaint at ¶ 85. In so doing, Plaintiff alleges Moses violated Plaintiff's due process rights which is actionable under 42 U.S.C. § 1983. This Court disagrees.

In order to maintain a claim for the violation of his right to due process, Plaintiff must first allege a deprivation of a property interest. Here, Plaintiff maintains he has a property interest in the level of prestige and responsibility he argues he had as a patrolman but lost as a desk sergeant. Complaint at ¶ 85. The Court holds however, that prestige and responsibility are not property interests actionable under the Fourteenth Amendments.

In *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the Supreme Court held that state law determines whether a property interest is created in employment. A property interest may be created pursuant to an ordinance or an implied contract. *Bishop,* 426 U.S. at 344, 96 S.Ct. at 2077, *see also Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Court has not been pointed to, nor can it uncover upon independent review, a policy, ordinance or regulation establishing a property interest in the level of prestige or responsibility one enjoys in the performance of his duties as a public employee. In fact, the law of this Circuit makes clear that only the economic benefits of employment are protectable property interests. *See Harris v. Board of Education of City of Atlanta,* 105 F.3d 591 (11th Cir. 1997).

Accordingly, Plaintiff has failed to allege he has an actionable property interest in the level of prestige and responsibility of his former position as a patrolman.

Furthermore, in *Oladeinde v. City of Birmingham,* the Eleventh Circuit held that where an individual is transferred with neither a loss in pay nor rank, no due process violation has occurred. *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir. 1992)(*cert. denied, sub nom., Deutsch v. Oladeinde,* 113 S.Ct. 1586 (1993). Plaintiff having alleged in Count IV of his complaint that his transfer was to a supervisory position, one to which he was due a pay raise, can not and does not allege this transfer resulted in a loss of pay and rank in Count V of the complaint. Without such an allegation, this claim fails. Accordingly, Plaintiff having failed to assert an actionable property interest of which he was deprived, Defendant Cecil Moses' Motion to Dismiss Count V of the Complaint is GRANTED.

## Conclusion

Plaintiff having alleged a property interest in his entitlement to supervisory pay, to which there is no adequate state law remedy, may proceed with his claim against City of Madison in Count IV of his Complaint. Accordingly, Defendant City of Madison's Motion to Dismiss Count IV of the Complaint is DENIED. Having failed to allege a property interest in the loss of prestige and responsibility of his job as a patrolman, Plaintiff has failed to state a claim for the deprivation of his procedural due process rights.

Accordingly, Defendant Cecil Moses' Motion to Dismiss Count V of the Complaint is GRANTED and Defendant Cecil Moses is DISMISSED WITH PREJUDICE from this case.

**DONE** and **ORDERED** this __4__ day of May, 2000.

Inge P. Johnson
U.S. District Judge